ALBERT LAYNE, Appellant,

*v.*

TENNESSEE CONSOLIDATED COAL COMPANY, Appellee.

(*Nashville,* December Term, 1959.)

Opinion filed June 6, 1960.

WILLIAM J. TURNBLAZER, Middlesboro, Kentucky, for appellant.

SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, PAUL D. KELLY, JR., Jasper, for appellee.

Mr. Justice Swepston delivered the opinion of the Court.

May 6, 1959, petitioner filed his petition for compensation for permanent and total disability. He alleged in substance that he had been employed as a coal miner by trade by defendant for over 20 years until about September 16, 1957, when he received an injury for which he has been paid workmen's compensation. That by reason of the conditions under which his work was performed he has been exposed to silica dust and that on February 21, 1959, he was informed that he was disabled and could not return to work in a coal mine on account of the condition which they found in his lungs.

May 25, 1959, appellee-employer filed a plea in bar and exhibited a copy of the petition and order of the court approving the settlement for the injury received in September, 1957. The certified copies of said petition and order show that although they were filed in the clerk's office on September 2, 1958, the petition was actually heard and the order signed on August 28, 1958. (The plea mistakenly gives the date as August 28, 1959). That order recites in substance that the court heard the testimony of witnesses, reviewed the medical proof, examined the petitioner and found that as a result of the injuries sustained by Albert Layne in 1957, he suffered a temporary total disability for which he has been compensated; that he has a permanent disability to the body as a whole of 55%; that a lump sum settlement at 6% discount

amounting to $6,235.87 is approved; that the Company has paid or agreed to pay all medical expenses arising out of the aforesaid "accident".

To this plea in bar the appellant neither set the plea down for argument as to its sufficiency nor took issue upon same, but it is evident from the action of the court and the argument of counsel that the court treated the same as sufficient to bar the suit because the present petition or suit was dismissed.

The argument in behalf of the appellant in the court below and on appeal is that in the former suit claim was made for a back injury and no mention was made of his present disability of silicosis because he had no knowledge of it at that time. He concedes that if he sought additional compensation for a greater percentage of disability arising out of the injury rather than arising out of an occupational disease his claim would be barred but that this is not the case. Further, that, although necessarily silicosis was present at the time of the former injury and settlement, since silicosis develops slowly, yet as it was unknown to the petitioner at the time of said settlement for the injury, he is entitled to compensation for the occupational disease producing permanent and total disability.

On the other hand, the theory and argument in behalf of the appellee-employer is that the record shows complainant was compensated fully for his disability in the former suit and a lump sum settlement made and paid; that complainant was compensated for a chest injury; that there was a final settlement and that the appellant is not entitled either under T.C.A. sec. 50-1025 to seek a modification of same, nor under any other section of

the Workmen's Compensation statute, because it was a lump sum settlement.

Many Tennessee cases are cited in support of the general proposition that a final settlement is final and can not be opened up where there has been a lump sum payment.

We are of opinion that the chancellor was in error in sustaining this plea. The only things that are mentioned in the exhibits attached to the plea are the injury on September 16, 1957, the disability as a result of said injury and the settlement and lump sum payment for said injury. No mention is made of an occupational injury. The present petition for compensation specifically alleges that he was informed about February 21, 1959, that he was disabled from silicosis, etc., whereas the settlement for the former claim arising out of an injury was made and entered of record during the year before, i. e., September, 1958.

Obviously, in the shape of this record, the plea was insufficient to bar this claim.

"The construction and effect of agreements for the compromise and settlement of claims are governed in the main by the rules governing the construction and effect of compromise and settlement agreements generally." 58 Am.Jur. 838, Sec. 393.

The question of what issues are concluded by such an agreement are discussed generally in 100 C.J.S. Workmen's Compensation sec. 407, p. 214 et seq. and under note 70 on page 216 is found an interesting Louisiana case which is considerably in point. *Thomas v. Tremont Lumber Co.*, La.App., 16 So.2d 662, 663. Suit was

brought to set aside a judgment in a compensation compromise settlement and to recover for permanent and total disability. Upon the following facts the court *Held* that the prior settlement in the amount of $300 on a question of a claimed hernia was not res adjudicata as to the present claim arising out of an infected knee injury; that it was not necessary to set the former judgment aside; that the lower court, although rendering judgment for permanent and total disability, should be affirmed but that the lower court was in error in crediting the present judgment with the $300.

The facts are as follows: November 20, 1941, the hernia was supposed to have been suffered. December 16, 1941, the employee suffered an abrasion to one knee as a result of being scraped by a sawtooth in the sawmill where he was working. December 19, 1941, he was sent to a physician for a physical examination and was found to be suffering from a hernia of the left side and a slight abrasion to the knee, but the doctor attached no importance to the knee abrasion. May 2, 1942, the compromise settlement for $300 was effected and the agreement stated that as there was a serious dispute as to whether he suffered a hernia, in order to compensate same, all agreed on $300 cash, "which is to include all compensation that is owing to ——— for injuries he sustained to his knee", including all medical and hospital expenses. The agreement was required to be approved by the court but when the judgment was entered it made no reference to the knee injury. Hence the ruling as above stated.

What the proof will show on a full hearing on this matter is a question with which we are not now concerned.

Reversed and remanded.